UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JASON F. RUFF,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-413

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED ON THE COURT'S DOCKET**
_____

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply (doc. 12), the administrative record (doc. 7), and the record as a whole.[2]

**I.**

**A.**    **Procedural History**

Plaintiff filed for DIB alleging a disability onset date of January 31, 2010. PageID 277-85. Plaintiff last met the insured status requirements of the Social Security Act ("SSA") on March 31, 2015.[3] PageID 74. Between the alleged onset date and his date last insured ("DLI"), Plaintiff claims

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

[3] To qualify for DIB, one must "establish the onset of disability prior to the expiration or his [or her] insured status[,]" *i.e.*, the claimant's date last insured ("DLI"). *Garner v. Heckler*, 745 F.2d 383, 390 (6th Cir. 1984). "Evidence of disability obtained after the expiration of insured status is generally of little probative value." *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004). To be relevant, "[p]ost-expiration evidence must relate back to the claimant's condition prior to the expiration of her [or his] date last insured." *Wirth v. Comm'r of Soc. Sec.*, 87 F. App'x 478, 480 (6th Cir. 2003).

disability as a result of a number of alleged impairments including, *inter alia*, residuals of bilateral rotator cuff surgeries, lumbar degenerative disc disease, and carpal tunnel syndrome. PageID 74-75.

After initial denial of his application, Plaintiff received a hearing before ALJ Elizabeth A. Motta on July 8, 2016. PageID 127-55. The ALJ issued a written decision on November 16, 2016 finding Plaintiff not disabled. PageID 72-87. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[4] "there are jobs in that exist in significant numbers in the national economy that [he] could have performed" through March 31, 2015, the date last insured. PageID 86.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 38-43. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.  Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 72-87), Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 11), and Plaintiff's reply (doc. 12). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.  Standard of Review**

The Court's inquiry on a Social Security disability appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the

---

[4] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 404.1567(a).

correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.     **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity;

2. Does the claimant suffer from one or more severe impairments;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

On appeal, Plaintiff argues that the ALJ erred in: (1) weighing the medical source opinion evidence of record; and (2) failing to fully consider his back impairment when determining his RFC. Doc. 10 at PageID 1116-24. Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the undersigned finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence; reasonably assessed Plaintiff's credibility; accurately determined Plaintiff's RFC; and appropriately concluded that Plaintiff can perform a significant number of jobs in the national economy.

**A.  Dr. Hanna's Treating Source Opinion**

Plaintiff specifically challenges the ALJ's assessment of his treating physician's opinion -- namely, the opinion of Melissa E. Hanna, D.O. PageID 704-06. Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical

source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*.

Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

A treater's opinions must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinions is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

In this case, Dr. Hanna concluded on November 3, 2015 that, because of Plaintiff's recurrent rotator cuff tears and peripheral neuropathy, he could frequently lift and carry up to 5 pounds; occasionally lift and carry 6-10 pounds; rarely lift and carry 11-20 pounds; never lift over 21 pounds; rarely reach or handle with either hand or arm; never reach above shoulder level; stand, walk, and sit for a total of 4 hours per workday for 20 minutes at a time; never bend, crouch, squat, crawl, climb steps, or climb ladders; and would miss 5 or more full or partial workdays per month because of pain or because of the side effects of medication. PageID 704-06. The ALJ concluded that Dr. Hanna's opinion was "entitled to little if any weight, and certainly not controlling, deferential, or significant weight." PageID 85.

Plaintiff first argues that the ALJ's controlling weight determination is unsupported by substantial evidence. *See* PageID 1117. In so arguing, Plaintiff summarizes the treatment notes of record, but fails to argue that any portion of the specific reasoning advanced by the ALJ lacks substantial evidentiary support in the record. *See* PageID 1117-19. Having reviewed the ALJ's specific reasoning -- including, *inter alia*, 2011 MRI readings and clinical findings noted in Dr. Hanna's treatment records -- the undersigned finds that the ALJ's reasons for declining to afford Dr. Hanna's opinion controlling weight are supported by substantial evidence.

Next, Plaintiff argues that, even assuming, *arguendo*, Dr. Hanna's opinion is not entitled to controlling weight, the ALJ erred by not discussing all of the factors under § 404.1527(c) when determining what weight Dr. Hanna's opinion should be given -- namely, "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley*, 581 F.3d at 406; *see also* 20 C.F.R. § 404.1527(c).

However, in assessing the weight ultimately accorded Dr. Hanna's opinion, the ALJ specific noted, *inter alia*, the "nature of her treatment," including the lack of "treatment for [his] shoulder impairments since 2011"; and the inconsistency of Dr. Hanna's opinion with her particular treatment

6

notes, as well as a functional capacity assessment given by Chris McGlaughlin, PT, DPT in March 2012. PageID 85. Thus, the ALJ did specifically address some of the § 404.1527(c) factors. *Id.* While the ALJ may not have addressed each factor exhaustively, there is no requirement that she do so. *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011) (noting that the Commissioner's regulations do not require "an exhaustive factor-by-factor analysis").

Accordingly, based on the foregoing, the undersigned concludes that the ALJ's analysis of Dr. Hanna's opinion is supported by substantial evidence and should be affirmed.

B.  **Back Impairment**

In his second assignment of error, Plaintiff contends that the ALJ failed to find his back impairment to be a "severe" impairment at Step Two and failed to adequately account for such impairment when determining his RFC. At Step Two of the evaluation process, the ALJ must consider whether a claimant's impairment constitutes a "medically determinable impairment," *i.e.*, an impairment that results from anatomical, physiological, or psychological abnormalities, which can be shown by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1505, 404.1508, 404.1520(a)(4)(ii) and 404.1527(a)(1).

If an impairment is medically determinable, an ALJ must decide whether that impairment is severe or non-severe. *See* 20 C.F.R. § 404.1520(a)(4)(ii). If all medially determinable impairments are non-severe, the ALJ's analysis ends and Plaintiff is not disabled. *See* 20 C.F.R. § 404.1520(c). If, however, the ALJ determines that Plaintiff has one or more severe impairments at Step Two, the ALJ must then consider the limiting effects of all impairments, severe and non-severe, when determining Plaintiff's RFC at Step Four. *See* 20 C.F.R. § 1523; *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 787 (6th Cir. 2009) (holding that, "[o]nce one severe impairment is found, the combined effect of all impairments must be considered, even if other impairments would not be severe"); *see also Johnson v. Colvin*, No. 3:13cv301, 2014 WL 6603376, at *7-8 (S.D. Ohio Nov. 19, 2014). If an ALJ considers

the limiting effects of both severe and non-severe impairments in determining the RFC, any error in failing to find a particular impairment severe is harmless. *White*, 312 F. App'x at 787.

In this case, the ALJ found Plaintiff's back impairment was not severe at Step Two. PageID 75. In doing so, the ALJ acknowledged Plaintiff's MRI findings on January 14, 2016, but noted that such findings were made almost a year after his date last insured ("DLI"). *Id*. The ALJ further noted the lack of objective or clinical findings documented in the record through the date last insured. *Id*. As a result, the ALJ concluded that Plaintiff's back impairment "was not severe . . . at any time through the date last insured." *Id*. Nevertheless, in determining Plaintiff's RFC, the ALJ accounted for Plaintiff's allegations of back pain, finding Plaintiff could not perform work around hazards, be exposed to vibration, and should be given an opportunity to alternate position for 10 minutes each hour to relieve discomfort. PageID 81.

Thus, the ALJ did specifically consider Plaintiff's back impairment in determining Plaintiff's RFC despite having found it to be a non-severe impairment at Step Two. Plaintiff points to no medical opinion evidence suggesting that further limitation was required as a result of his back impairment prior to the DLI and, therefore, the undersigned finds that any alleged error by the ALJ at Step Two was harmless.

**IV.**

For the foregoing reasons, the Court finds Plaintiff's assignments of error unmeritorious. **IT IS THEREFORE RECOMMENDED THAT**: (1) the Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and (2) this case be **CLOSED**.

Date:   April 1, 2019                                s/ Michael J. Newman
                                                     Michael J. Newman
                                                     United States Magistrate Judge

8

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** per Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** per Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).